## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**DERREK LEWIS BYNUM,**                   *

Petitioner,                               *

v.                                        *          Civil Action No. RWT-13-188
                                                     Criminal No. RWT-04-00235-7
**UNITED STATES OF AMERICA,**             *

Respondent.                               *

                                          *

## <u>MEMORANDUM OPINION</u>

Pending is Petitioner Derrek Lewis Bynum's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.  ECF No. 1597.  Upon review of the papers filed, and for the reasons stated below, the Court will deny Bynum's motion.

## BACKGROUND

The conviction underlying Bynum's motion arose from a wide-ranging, multistate drug conspiracy led by Paulette Martin.  Based on his role in that conspiracy, Bynum was charged with conspiracy to distribute controlled substances, possession with intent to distribute controlled substances, use of a communications device to facilitate narcotics trafficking, possession of a firearm in furtherance of a drug trafficking offense, and possession of a firearm by a convicted felon.  ECF No. 794.

After a lengthy jury trial, Bynum was convicted on all counts.  ECF No. 935. Specifically, the jury determined Bynum participated in a drug conspiracy involving 5 kilograms or more of cocaine and 50 grams or more of cocaine base.  *Id.*  Bynum was sentenced to a total of 300 months imprisonment, which included an enhanced mandatory minimum sentence of 240 months on the conspiracy charge, and 60 months, to run consecutively, on the possession of

firearm by a convicted felon charge.  ECF No. 1070.  Bynum filed an appeal challenging his sentence and conviction on January 11, 2007.  ECF No. 1073.  The Fourth Circuit consolidated Bynum's appeal with several codefendants, and affirmed Bynum's sentence and conviction, addressing various arguments raised by Bynum and his codefendants and concluding that various other arguments lacked merit.  *United States v. Goodwin*, 452 Fed. App'x 239, 241 (4th Cir. 2011) ("We have considered Appellants' remaining claims on appeal and conclude they lack merit.").

Bynum timely filed the instant motion on January 17, 2013, along with a motion for extension of time to file a memorandum of law in support of the motion.  ECF Nos. 1597 and 1598.  The Court granted the motion for extension.  ECF No. 1603.  Despite various further extensions, Bynum had not filed a memorandum of law by December 16, 2013, when the government, as ordered by the Court, filed its response.  ECF No. 1662.  Bynum replied on January 6, 2014, but this reply was essentially a request for a further extension of time to file a memorandum of law in support of his motion.  ECF No. 1671.  After various extensions, Bynum filed his memorandum of law on April 1, 2015.  ECF No. 1768.  He asserts eight grounds for relief:

1.  Violation of the Speedy Trial Act.  ECF No. 1597  at 4; ECF No. 1768 at 6.

2.  Counsel failed to make a "cogent and intelligent" motion for judgment of acquittal and to raise the sufficiency of the evidence.  ECF No. 1597 at 5; ECF No. 1768 at 6.

3.  Counsel failed to move to sever Bynum's trial from the other defendants.  ECF No. 1597 at 7; ECF No. 1768 at 6.

2

4.  Counsel failed to object to hearsay evidence introduced at trial.  ECF No. 1597 at 8; ECF No. 1768 at 6.

5.  "Counsel was ineffective at trial (sentencing) and on appeal by not obtaining the proper documents and making sufficient arguments in opposition to the government's sentencing enhancements."  ECF No. 1597-1 at 1.

6.  Counsel failed to consult with Bynum as to his defense, and failed to provide Bynum with evidence provided by the Government in discovery.  ECF No. 1597-1 at 1; ECF No. 1768 at 6-7.

7.  Counsel failed to consult with Bynum as to issues for appeal, and failed to provide Bynum with a draft of the opening brief.  ECF No. 1597-1 at 1; ECF No. 1768 at 7.

8.  Bynum is entitled to reduction of sentence pursuant to Amendment 750 to the U.S. Sentencing Guidelines.[1]  ECF No. 1597-1 at 1; ECF No. 1768 at 7.

## ANALYSIS

Under 28 U.S.C. § 2255(a), a prisoner in custody may file a motion to vacate, set aside, or correct a sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to 28 U.S.C. § 2255(b), the Court may deny the motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

---

[1] In his memorandum of law, Bynum seems to argue he is entitled to sentencing relief based on Amendment 740 to the U.S. Sentencing Guidelines.  ECF No. 1768 at 37.  Amendment 740 relates to U.S.S.G. § 2L1.2, which relates to unlawful reentry.  The Court assumes this was a typographical error on Bynum's part.

28 U.S.C. § 2255(b); *see, e.g.*, *Zelaya v. United States*, No. DKC 05-0393, 2013 WL 4495788, at *2 (D. Md. Aug. 20, 2013).

## I.      Bynum Cannot Relitigate Argument that Speedy Trial Act was Violated

One of the grounds raised by Bynum on direct appeal was that his right to a speedy trial under the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. § 3161, was violated. *United States v. Goodwin, et al.*, Fourth Circuit Court of Appeals Case No. 07-4059, Appellants' Br. at 88-93.  While considered by the Fourth Circuit, that argument was deemed meritless.  *Goodwin*, 452 Fed App'x at 241 ("We have considered Appellants' remaining claims on appeal and conclude they lack merit.").   In his § 2255 motion, Bynum argues that the Court's "End of Justice Orders violated the Speedy Trial Act."  ECF No. 1597 at 4.  It is well established that a petitioner generally cannot relitigate via collateral attack those issues already litigated on direct appeal.  *See, e.g., Boeckenhaupt v. United States,* 537 F.2d 1182, 1183 (4th Cir.1976).

Bynum argues that he is not barred from relitigating his Speedy Trial Act argument because there has been an intervening change in the law.[2]  ECF No. 1768 at 15.  On appeal, Bynum's attorney relied on *Zedner v. United States,* 547 U.S. 489 (2006), but subsequent to his appeal the Supreme Court decided *United States v. Tinklenberg*, 131 S. Ct. 2007 (2011), which clarified Speedy Trial Act claims.  ECF No. 1768 at 15.  Bynum does not explain how *Tinklenberg* assists him.  The mere fact that the Supreme Court decides a case bearing on the same general area of law a defendant raised in his direct appeal does not entitle the defendant to

---

[2] Bynum also "asserts that he was not provided a full and fair review of his speedy trial claim by the Court of Appeals," apparently because the Fourth Circuit did not specifically address this argument.  ECF No. 1768 at 15.  To be procedurally defaulted, an argument need only be raised and rejected on appeal.  Bynum's speedy trial argument was raised.  *United States v. Goodwin, et al.*, Fourth Circuit Court of Appeals Case No. 07-4059, Appellant's Br. at 88-93.  It was rejected.  *Goodwin*, 452 Fed App'x at 241 ("We have considered Appellants' remaining claims on appeal and conclude they lack merit.").  Apparently, Bynum would invite the Court to reconsider an issue rejected by the Fourth Circuit, simply because the Fourth Circuit determined the argument was so devoid of merit it was not even worth discussing in its opinion.  As that result would be nonsensical, the Court will reject this invitation.

relitigate the issue in a collateral attack.  At the very least, for an intervening change in law to justify relitigating an issue on collateral attack, the change in law must be relevant to the argument previously raised and rejected.  Here, *Tinklenberg* has no relevance to Bynum's case or the argument previously raised which Bynum seeks to relitigate.  The Supreme Court held in *Tinklenberg* that the provision of the Speedy Trial Act excluding the time between the filing of a motion and its prompt disposition, 18 U.S.C. § 3161(h)(1)(D), does not require the motion to actually cause, or be expected to cause, a delay in starting trial.  *Id.* at 2010-2011.  This is irrelevant to the Speedy Trial Act violation alleged by Bynum here and on appeal, which is that he was denied a speedy trial because the government delayed in deciding which defendants to try together.[3]  ECF No. 1768 at 14-18.[4]  *Tinklenberg* is simply inapplicable to the argument Bynum made on appeal and makes here, and because Bynum fails to identify any other intervening change in law applicable to his case, he may not argue that his right to a speedy trial was violated in his § 2255 motion.

## II.  Ineffective Assistance of Counsel Claims

The remainder of Bynum's claims are ineffective assistance of counsel claims, and thus are properly brought via collateral attack.  *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).  In order to establish ineffective assistance of counsel, Bynum must satisfy the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Under the *Strickland* test, Bynum must show that his counsel's performance fell below an objective standard of reasonableness.  *Id.* at 689.  He must also show the deficient performance prejudiced him, i.e.

---

[3] Moreover, if anything, *Tinklenberg* is unfavorable to defendants, because it allows the time from the filing of a motion to its prompt resolution to be excluded from the Speedy Trial Act clock regardless of whether that motion actually causes delay, increasing the time available for exclusion.

[4] Bynum makes virtually word-for-word the exact same argument regarding the Speedy Trial Act in his memorandum of law as his counsel did on appeal.

5

that but for counsel's deficient performance, "there is a reasonable probability that…the result of the proceeding would have been different." *Id.* at 694. The Court is not required to accept unsupported, conclusory allegations of ineffective assistance. *See Jones v. United States*, No. CIV.A. DKC 09-2922, 2013 WL 1105001, at *2 (D. Md. Mar. 15, 2013).

### A. Failure to Make Cogent Motion for Judgment of Acquittal and Argue the Sufficiency of the Evidence

Bynum argues that his attorney was ineffective because he failed to make a "cogent and intelligent motion" for a judgment of acquittal based on insufficiency of the evidence. ECF No. 1597 at 5. In fact, Bynum's attorney made an oral motion for judgment of acquittal on July 27, 2006. ECF No. 1212 at 26-27. There is nothing about this motion that appears to be unintelligent, and Bynum fails to explain what it is about this motion that fell below an objective standard of reasonableness. Nor does he explain what argument his attorney could have or should have made that would have been more effective than the argument he did make.

More importantly, the only way Bynum could show prejudice based on a deficient motion for judgment of acquittal would be if no reasonable jury could find Bynum guilty beyond a reasonable doubt based on the evidence presented at trial. *See United States v. Pritt*, 77 F. Supp. 2d 743, 748 ("For a judgment of acquittal, the court merely determines that, based on the evidence, no reasonable jury could return a verdict of guilty beyond a reasonable doubt."). However, the government introduced numerous telephone conversations between Bynum and Martin, the ringleader of the conspiracy, discussing drugs. A search of Bynum's house revealed a loaded handgun, ammunition, a scale with cocaine, and $14,905. *See* ECF No. 1662 at 6-7 (listing evidence the government introduced at trial). In the face of this, and other, evidence of Bynum's guilt, Bynum fails to even argue, much less demonstrate a reasonable probability, that

*no* reasonable jury could have found him guilty.  Even if Bynum's attorney made a deficient motion for judgment of acquittal, which he did not, Bynum could not have been prejudiced by this deficiency in the face of the significant evidence tying him to the drug conspiracy. Therefore, this claim fails.

### B.  Failure to Move to Sever

Bynum argues that his attorney was ineffective because he did not move to sever Bynum from the other defendants.  This is factually incorrect.  Bynum's attorney moved to join his codefendants' motions to sever.  ECF No. 337.  Bynum does not indicate why this method of moving for severance was inadequate, given that the motion Bynum joined contained the same arguments he now says should have been raised.  ECF No. 1597 at 7.  Nor does Bynum advance any argument as to how he could have been prejudiced by this method of moving for severance. Bynum does not indicate how the outcome would have been different if his attorney had filed an independent motion for severance that simply regurgitated the same arguments his codefendants advanced, and which Bynum now seeks to advance.  Whatever arguments may have validly existed to sever Bynum's trial, despite the "strong presumption in favor of joint trials," *United States v. Shealey*, 641 F.3d 627, 633 (4th Cir. 2011), they were already specifically advanced on his behalf.  Therefore, there was no prejudice merely because Bynum's attorney chose to join the motions of his codefendants, rather than wastefully submitting his own independent motion to raise the same points.

### C.  Failure to Object to Improper Testimony at Trial

Bynum argues that his attorney failed to object to certain testimony offered by the government at trial.  ECF No. 1597 at 8; ECF No. 1768 at 24-31.  The basis for this claim is the

testimony of Detective Christopher Sakala, who testified as a fact and expert witness. ECF No. 1768 at 24. Bynum argued on appeal that Detective Sakala's testimony was improper for various reasons, including that it was hearsay, but the Fourth Circuit determined there was no error in admitting Detective Sakala's testimony.[5] *Goodwin*, 452 Fed App'x at 243-44. Although Bynum titles this an ineffective assistance of counsel claim, ECF No. 1597 at 8, a review of his argument reveals this is a naked and improper attempt to relitigate a claim that was already raised and rejected on appeal. Nowhere in his argument does Bynum identify how counsel's performance was deficient with regard to presenting this argument, nor does he identify how he was prejudiced by any deficiency. Indeed, large portions of Bynum's argument here are lifted nearly verbatim from the appellate brief that was supposedly ineffective. Bynum's attorney was not ineffective for failing to object to hearsay evidence.

### D.  Other Ineffective Assistance of Counsel Claims

The remaining ineffective assistance of counsel claims are lumped together by Bynum in his memorandum of law, intermingled with a variety of other complaints regarding his attorney. ECF No. 1768 at 40-46. Bynum's attorney met with him a limited number of times, attempted to get him to cooperate with the government, joined in motions with other defendants instead of filing motions on behalf of Bynum individually, failed to object to introduction of evidence of a prior felony, and did not discuss which issues should be presented on appeal.[6] *Id.* These

---

[5] Although the Fourth Circuit did not specifically mention hearsay in addressing this argument, Bynum's counsel did argue on appeal that Detective Sakala's testimony was hearsay. *See United States v. Goodwin, et al.*, Fourth Circuit Court of Appeals Case No. 07-4059, Appellant's Br. at 93-104.

[6] Bynum included in his original § 2255 motion a claim that his counsel was ineffective for failure to sufficiently argue against his sentencing enhancements. ECF No. 1597-1 at 1. To the extent this claim relates to Bynum's argument that his sentence was improperly enhanced based on a 1999 conviction, ECF No. 1768 at 32-37, this claim is procedurally barred because it was raised by Bynum in his direct appeal, and Bynum fails to specify how his attorney's presentation of this argument was ineffective in any way. *United States v. Goodwin, et al.*, Fourth Circuit Court of Appeals Case No. 07-4059, Appellant's Br. at 161-165.

contentions are supported by an affidavit Bynum attaches to his memorandum of law. ECF No. 1768-1.

The problem with all of these arguments is that Bynum fails to explain how any of these facts, even taken as true, were objectively unreasonable or, more importantly, how they prejudiced Bynum.  For example, Bynum claims that his attorney failed to consult with him about various possible defenses and issues on appeal.  However, he does not explain what defenses he would have urged his attorney to present that were not raised or what issues on appeal he would have presented that were not presented.  Bynum also complains that his attorney tried to get him to cooperate with the government.  ECF No. 1768 at 41.  Contrary to being ineffective, given the nature of the charges against Bynum and the amount of evidence indicating his guilt, his attorney would likely have been ineffective had he *not* advised Bynum of the desirability of cooperation.[7]

The only argument that even comes close to requiring more examination under the *Strickland* standard is Bynum's attorney's alleged failure to object to the introduction of evidence of a prior conviction.  However, along with the drug conspiracy charges, Bynum was also charged with being a felon in possession of a firearm.  Since an element of the government's proof of that charge is Bynum's prior conviction, Bynum fails to explain how an objection to introduction of the conviction could have been sustained, meaning any failure to object was not deficient, nor could it have prejudiced Bynum.  Accordingly, Bynum has failed to show he suffered from ineffective assistance of counsel in any respect.

---

[7] Of course, since Bynum ended up going to trial instead of cooperating, he could not have been prejudiced by his attorney's suggestion that he cooperate.

### III.      Resentencing Based on Amendment 750 to U.S. Sentencing Guidelines

Bynum claims he is entitled to resentencing based on Amendment 750 to the U.S. Sentencing Guidelines, which reduced the guideline sentencing range applicable to certain quantities of crack cocaine.   However, Bynum was convicted of conspiring to distribute more than five kilograms of powder cocaine which was sufficient, with Bynum's prior conviction, to trigger the mandatory minimum sentence of 20 years to which Bynum was sentenced.[8] *See* 21 U.S.C. § 841(b)(1)(A).  Thus, Bynum cannot benefit from Amendment 750.

### CERTIFICATE OF APPEALABILITY

Bynum may not appeal this Court's denial of relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. Appx. 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Bynum has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 Fed Appx. at  273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 Fed. Appx. 296, 297 (4th Cir. 2009).

This Court has assessed the claims in Bynum's motion to vacate his sentence on the merits and found them deficient. No reasonable jurist could find merit in any of Bynum's claims, and therefore no certificate of appealability shall issue.

---

[8] Bynum was also sentenced to a mandatory consecutive term of five years for his conviction under 18 U.S.C. § 924(c)(1)(A).

## **CONCLUSION**

For the aforementioned reasons, Bynum's motion will be denied and no certificate of appealability shall issue.  A separate Order follows.


Date: <u>May 13, 2015</u>                               <u>                    /s/                    </u>
                                                       ROGER W. TITUS
                                                       UNITED STATES DISTRICT JUDGE

11